# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3693 | **DATE** | 5/23/2012 |
| **CASE TITLE** | Martin Padilla vs. David Baker, et al | | |

**DOCKET ENTRY TEXT**

Motion by plaintiff for leave to proceed in forma pauperis [3] and motion for appointment of counsel [4] are denied. Civil Case Terminated.

■[ For further details see text below.]   Notices mailed by Judicial staff.

**STATEMENT**

This matter is before the court on Plaintiff Martin Padilla's (Padilla) motion for leave to proceed *in forma pauperis* and motion for appointment of counsel. Pursuant to 28 U.S.C. § 1915(e)(2), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted. . . ." *Id.* Since Padilla is proceeding *pro se*, the court has liberally construed his complaint. Padilla contends that he was incarcerated, and that at his place of incarceration (Prison), he was given an incident report relating to attempts by him to mail certain items from the Prison (Incident Report). Padilla also contends that he requested that the Incident Report be reviewed, and that during the review process, he was denied certain privileges such as the use of email and the telephone, and visitation privileges. Padilla asserts that he appealed the Incident Report, and that the Incident Report was ultimately expunged. Padilla contends, however, that he did not receive notice of the expungement until after he was

| STATEMENT |
|---|

released from the Prison, when he was residing in a halfway house. Padilla asserts that he was harmed because during the period when his privileges were suspended, his family was worried about him, he was worried about his family, and they were not able to communicate with each other. The court notes, however, that even if Padilla's allegations are true, he does not indicate that he and his family would have been unable to communicate via standard mail. Padilla has not stated any valid claim for relief. His own allegations show that he was accorded an administrative process by which he could seek a review of the Incident Report, and that the Prison ultimately expunged the Incident Report. Although Padilla alleges that the Incident Report was ultimately expunged, Padilla's allegations do not plausibly suggest that any of his constitutional rights were violated by the issuance of the Incident Report or by the subsequent appeal process. Nor do the allegations that, during the appeals process, Padilla was denied certain privileges plausibly suggest a constitutional violation. Padilla's allegations fail to state any valid federal basis for relief. Based on the above, the instant action is dismissed. The motion for an appointment of counsel is denied as moot.